**NOT FOR PUBLICATION**

FILED

MAR 27 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICKEY EGBERTO; NATALIE EGBERTO; SARA SMITH, | No. 11-15899 |
| Plaintiffs - Appellants, | D.C. No. 3:08-cv-00312-HDM-VPC |
| v. | |
| E. K. MCDANIEL; HOWARD SKOLNIK, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Howard D. McKibben, Senior District Judge, Presiding

Argued and Submitted March 12, 2014
San Francisco, California

Before: McKEOWN and GOULD, Circuit Judges, and QUIST, Senior District Judge.[**]

Appellants Rickey Egberto, Natalie Egberto, and Sara Smith appeal the

district court's order granting summary judgment to Appellees E.K. McDaniel and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Gordon J. Quist, Senior District Judge for the U.S. District Court for the Western District of Michigan, sitting by designation.

Howard Skolnik on Appellants' 42 U.S.C. § 1983 claims. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Appellants contend that Appellees' ban on prison visitation by inmate Rickey Egberto's wife, Natalie, and daughter, Sara, violates Appellants' First Amendment, due process, and equal protection rights. Finding that "a reasonable prison official could have believed terminating an inmate's right to receive visits from his child and wife was lawful," the district court granted qualified immunity based on the second step of the two-step inquiry: whether the constitutional right is clearly established such that a reasonable government official would have known that "his conduct was unlawful in the situation he confronted." *Saucier v. Katz*, 533 U.S. 194, 202 (2001). Reviewing de novo, *Crowe v. County of San Diego*, 608 F.3d 406, 427 (9th Cir. 2010), we agree that Appellants' alleged right to resume visits with Mr. Egberto was not clearly established according to Supreme Court precedent.

At most, *Kentucky Department of Corrections v. Thompson*, 490 U.S. 454, 465 (1989) (Kennedy, J., concurring), and *Overton v. Bazzetta*, 539 U.S. 126, 134 (2003), imply that a permanent ban on all visitation by all persons to a particular inmate *might* be unconstitutional; but these cases do not suggest, much less clearly

establish, that a permanent ban on visitation by a particular individual is unconstitutional. Appellees are entitled to qualified immunity.[1]

**AFFIRMED.**

---

[1]At oral argument, Appellants raised the issue of declaratory relief. Because declaratory relief is discretionary, *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995), and a request for such relief was neither presented to the district court nor briefed to this court, and it appears that any declaratory judgment would be premature, we decline to reach this issue.